UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN ROBERSON,<br><br>    Plaintiff,<br><br>    v.<br><br>S. ZAMORA, et al.,<br><br>    Defendants.<br>_____/ | CASE NO.   1:08-cv-00214-AWI-MJS (PC)<br><br>THIRD AMENDED COMPLAINT DISMISSED WITH LEAVE TO AMEND<br><br>(ECF No. 21)<br><br>FOURTH AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |

**SCREENING ORDER**

**I.    PROCEDURAL HISTORY**

Plaintiff Kevin Roberson ("Plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on February 11, 2008.  (ECF No. 1.)  Plaintiff has since filed three amended complaints: First Amended Complaint on February 15, 2008, Second Amended Complaint on March 24, 2008, and Third Amended Complaint on April 15, 2009.  (ECF Nos. 4, 6, & 21.)  No other parties have appeared in this action.

1

Plaintiff's Third Amended Complaint is now before the Court for screening. For the reasons set forth below, the Court finds that Plaintiff has failed to state a claim upon which relief may be granted.

## II.   SCREENING REQUIREMENTS

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 129 S.Ct. at 1949.

## III. SUMMARY OF COMPLAINT

Plaintiff alleges that his First Amendment rights were violated by Defendants' retaliatory conduct and that his Eighth Amendment right to adequate medical care was violated. Plaintiff names the following individuals as Defendants: S. Zamora, healthcare manager at Kern Valley State Prison ("KVSP"); Mohammed Ali, registered nurse (2) at KVSP; Sherry Lopez, primary healthcare provider at KVSP; and John Doe, warden or healthcare manager at California Correctional Institution ("CCI").

Plaintiff alleges the following: In 2003, Plaintiff filed a civil rights action against prison officials at High Desert State Prison. The case concluded with a jury verdict in favor of the defendants in 2005.

In May 2006, Plaintiff was transferred to KVSP. Before his transfer, a doctor at High Desert had determined that Plaintiff was a candidate for Hepatitis C treatment and was in the process of referring him for a liver biopsy at an outside facility. Upon learning that Plaintiff was to be transferred, the doctor held off on the biopsy referral, but assured Plaintiff that he would be taken care of at KVSP.

Plaintiff arrived at KVSP on May 31, 2006. At receiving and release, Plaintiff overheard prison officials referring to him as the "Litigator from High Desert." (ECF No. 21, p. 5; Pl.'s Compl. p. 5.) Subsequently, Plaintiff learned that several prison officials formerly from High Desert worked at KVSP and were familiar with Plaintiff's previous case.

Upon arrival at KVSP, Plaintiff informed the nurse in receiving that he had Hepatitis C and was in need of a liver biopsy and treatment. On June 21, 2006, Plaintiff had blood taken. One week later, he was notified that the test results were within normal limits and that no physician follow-up was necessary. Plaintiff filed a medical grievance in response.

3

The institution's response at the first and second levels was delayed and Plaintiff was given inaccurate and misleading information.

On November 27, 2007, Plaintiff was seen at the Hepatitis clinic. The doctor informed Plaintiff that because his earliest possible release date was December 19, 2008 and that the hepatitis treatment took sixteen months, Plaintiff was not eligible to receive the treatment.

In early 2008, Plaintiff's earliest possible release date was changed to April 2010. He met with Defendant Lopez and asked to receive treatment since he would be confined longer. Defendant Lopez told Plaintiff that she would look into it.

On May 16, 2008, Plaintiff was transferred to CCI. On November 18, 2008, a doctor at CCI placed a medical hold on Plaintiff pending a liver biopsy. Despite the medical hold, Plaintiff was transferred to Salinas Valley State Prison. His earliest possible release date was then changed again to December 2009, which made him ineligible to receive treatment.

Plaintiff seeks compensatory and punitive damages, and asks that counsel be appointed to represent him.

### IV. ANALYSIS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal

Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted).

### A.     Retaliation Claim

Plaintiff states that he was being retaliated against by Defendants for exercising his constitutional rights.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements:  (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Filing a grievance is a protected action under the First Amendment. Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989). Pursuing a civil rights legal action is also protected under the First Amendment. Bradley v. Hall, 64 F.3d 1276,1279 (9th Cir. 1995); Rizzo v. Dawson, 778 F.2d 527,532 (9th Cir. 1985). The Court is unsure as to which of the two actions Plaintiff refers in claiming he is being retaliated against. Either way, Plaintiff has satisfied the third prong of the retaliation standard. However, he fails to satisfy the remaining four prongs; he fails to allege facts sufficient to sustain a claim of retaliation.

Other than stating that some unnamed prison personnel knew of his earlier litigation and, impliedly, had a motive to retaliate for it and other than beginning and ending his statement of the case with the bare allegation that Defendants acted in retaliation, he makes no statement as to how any of the complained-of conduct was in fact retaliatory.

Plaintiff does not allege that any of the **named Defendants** were aware of his past legal actions.  Plaintiff states he spoke twice with Defendant Ali about his medical care grievance and  Defendant Ali assured him that the problem would be corrected, but his Complaint does not attribute any wrongful behavior to Defendant Ali.  Similarly, with respect to Defendant Lopez, Plaintiff states that she said she would look into Plaintiff's request for treatment, but he makes no specific allegations of improper action or inaction on her part. Plaintiff does not allege that either was in a position to do anything about the grievance and failed to act not because of  any legitimate correctional objective, but to retaliate against Plainitff for exercising his rights. Plaintiff also alleges that Defendant Zamora was on notice (but does not specify of what) because she was assigned to review and respond to Plaintiff's grievances and he claims that Zamora failed to take corrective action and provided misleading and inaccurate information.  Plaintiff fails to specify how these actions violated his rights or how they were retaliatory.   Plaintiff fails to mention the John Doe Defendant in his statement of the case.

The Court is unsure as to what actions Plaintiff believes were retaliatory—the transfers, the lack of medical care, the delay in processing his grievance, or some combination of these.  Upon amendment, Plaintiff must specify what acts he thinks are retaliatory.

The second element of a prisoner retaliation claim focuses on causation and motive. See Brodheim v. Cry, 584 F.3d 1262, 1271 (9th Cir. 2009).  A plaintiff must show that his protected conduct was a "'substantial' or 'motivating' factor behind the defendant's conduct." Id. (quoting Morgan, 874 F.2d at 1314).  Although it can be difficult to establish the motive or intent of the defendant, a plaintiff may rely on circumstantial evidence.  Bruce

6

v. Ylst, 351 F.3d 1283, 1289 (9th Cir. 2003) (finding that a prisoner established a triable issue of fact regarding prison officials' retaliatory motives by raising issues of suspect timing, evidence, and statements); Hines v. Gomez, 108 F.3d 265, 267-68 (9th Cir. 1997); Pratt v. Rowland, 65 F.3d 802, 808 (9th Cir. 1995) ("timing can properly be considered as circumstantial evidence of retaliatory intent").  Plaintiff has not alleged sufficient facts showing suspect timing related to the alleged retaliation and the filing of the grievance or lawsuit.  Nor has he alleged that the named Defendants knew about his litigation history, including the medical grievance he filed.  Thus, Plaintiff has not stated adequate facts to satisfy the second prong of his retaliation claim.

With respect to the fourth prong, "[it] would be unjust to allow a defendant to escape liability for a First Amendment violation merely because an unusually determined plaintiff persists in his protected activity . . . ."  Mendocino Envtl. Ctr. v. Mendocino County, 192 F.3d 1283, 1300 (9th Cir. 1999).  The correct inquiry is to determine whether an official's acts would chill or silence a person of ordinary firmness from future First Amendment activities.  Rhodes, 408 F.3d at 568-69 (citing Mendocino Envtl. Ctr., 192 F.3d at 1300).  Again, Plaintiff has failed to link any facts to the alleged retaliation.  The Court is not even sure what acts are alleged to have been retaliatory: the transfers, the ineligibility to receive treatment, etc.  Thus, it cannot determine whether such acts would discourage a person of ordinary firmness from exercising his First Amendment rights.

With respect to the fifth prong, a prisoner must affirmatively allege that "the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals."  Rizzo, 778 F.2d at 532.  This is not a high burden to reach.  See id. (prisoner's allegations that search was arbitrary and

7

capricious sufficient to satisfy this inquiry). Plaintiff makes no statements regarding penological goals and whether the allegedly retaliatory acts were related to such goals. Plaintiff has therefore failed to satisfy the fifth prong of his retaliation claim.

Because Plaintiff has failed to allege sufficient facts to satisfy all five prongs of his retaliation claim, the Court finds that he has failed to state a claim upon which relief could be granted. The Court will grant Plaintiff leave to amend this claim and attempt to set forth sufficient facts to state such a claim. In his amendment, Plaintiff should describe in greater detail how he was retaliated against and who was doing the retaliation.

### B.     Medical Care

Plaintiff alleges inadequate medical care and deliberate indifference in violation of his Eighth Amendment.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Jett, 439 F.3d at 1096 (citing McGuckin, 974 F.2d at 1060). In order to state a claim for violation of

the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health . . . ." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin, 974 F.2d at 1050, overruled on other grounds, WMX, 104 F.3d at 1136. Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Also, "a difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted). To prevail, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted). A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242

(9th Cir. 1989).

Plaintiff makes one statement that he "suffered pain physical and psychological" as a result of being denied treatment. (ECF No. 21, p. 9; Pl.'s Compl. p. 9.) Otherwise, he makes no allegations that he was suffering symptoms from his hepatitis diagnosis and the alleged delay and/or denial of treatment. Further, he does not state that any one Defendant failed to adhere to the prison's Hepatitis C guidelines. While a delay in treatment or in receiving a liver biopsy can establish a constitutional violation, Plaintiff fails to attribute the delay to a named Defendant. See Tatum v. Winslow, 122 Fed. Appx. 309, 311 (9th Cir. 2005); Hunt v. Dental Dep't, 865 F.2d 198, 201 (9th Cir. 1989); Broughton v. Cutter Labs., 622 F.2d 458, 459-60 (9th Cir. 1980); Madrid v. Gomez, 889 F. Supp. 1146, 1200-27 (N.D. Cal. 1995).

Further, Plaintiff fails to allege that any named Defendant was deliberately indifferent. His pleadings state that he was seen several times, but that he was ineligible for treatment because he was eligible to be released before the treatment would be completed. This seems to reflect practical realities of trying to treat an ever-changing prison population; it does not show indifference.

Thus, Plaintiff has failed to state a cognizable claim. The Court will give him leave to amend this claim.

**C.    Doe Defendants**

Plaintiff names as a Defendant John Doe, warden or healthcare manager at CCI. "As a general rule, the use of 'John Doe' to identify a defendant is not favored." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). "It is permissible to use Doe defendant designations in a complaint to refer to defendants whose names are unknown to plaintiff.

Although the use of Doe defendants is acceptable to withstand dismissal of a complaint at the initial review stage, using Doe defendants creates its own problem: those persons cannot be served with process until they are identified by their real names." Robinett v. Correctional Training Facility, 2010 WL 2867696, *4 (N.D. Cal. July 20, 2010).

Plaintiff is advised that John Doe Defendant can not be served by the United States Marshal until he has identified him as an actual individual and amended his complaint to substitute the Defendant's actual name. The burden remains on Plaintiff to promptly discover the full name of Doe Defendant; the Court will not undertake to investigate the names and identities of unnamed defendants. Id. The Court will grant Plaintiff leave to amend this claim and attempt to set forth sufficient identification.

### D.     Personal Participation and Supervisory Liability

Plaintiff appears to be arguing that Defendant Doe is liable for the conduct of subordinates as, according to Plaintiff's statement of facts, he was not present and did not participate in any of the complained of conduct. In fact, Defendant Doe is not mentioned at all in the factual allegations that make up Plaintiff's Complaint.

Under Section 1983, Plaintiff must demonstrate that each named Defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). The Supreme Court has emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. Iqbal, 129 S.Ct. at 1949. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." Id. at 1948. Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct, and therefore, Plaintiff must demonstrate that each defendant,

through his or her own individual actions, violated Plaintiff's constitutional rights. Id. at 1948-49.

When examining the issue of supervisor liability, it is clear that the supervisors are not subject to vicarious liability, but are liable only for their own conduct. Jeffers v. Gomez, 267 F.3d 895, 915 (9th Cir. 2001); Wesley v. Davis, 333 F.Supp.2d 888, 892 (C.D.Cal. 2004). In order to establish liability against a supervisor, a plaintiff must allege facts demonstrating (1) personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. Jeffers, 267 F.3d at 915; Wesley, 333 F.Supp.2d at 892. The sufficient causal connection may be shown by evidence that the supervisor implemented a policy so deficient that the policy itself is a repudiation of constitutional rights. Wesley, 333 F.Supp.2d at 892 (internal quotations omitted). However, an individual's general responsibility for supervising the operations of a prison is insufficient to establish personal involvement. Id. (internal quotations omitted).

Supervisor liability under Section 1983 is a form of direct liability. Munoz v. Kolender, 208 F.Supp.2d 1125, 1149 (S.D.Cal. 2002). Under direct liability, Plaintiff must show that Defendant breached a duty to him which was the proximate cause of his injury. Id. "'The requisite causal connection can be established . . . by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson v. Duffy, 588 F.2d 740, 743-744 (9th Cir. 1978)).

Plaintiff has not alleged facts demonstrating that Defendant Doe personally acted to violate his rights. Nor has he alleged that Defendants Ali, Zamora, or Lopez violated his

rights. In his Amended Complaint, Plaintiff needs to specifically link each Defendant to a violation of his rights. Plaintiff shall be given the opportunity to file an amended complaint curing the deficiencies in this respect.

### E. Appointment of Counsel

Plaintiff requests appointment of counsel. This request is denied for want of exceptional circumstances. See Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997); see also Lassiter v. Dep't of Social Services, 452 U.S. 18, 25 (1981) (there is no constitutional right to counsel in a civil case). The issues in this case are not particularly complex, and Plaintiff has thus far been able to pursue his claims. This denial is without prejudice to the Court's *sua sponte* appointment of counsel at a future date should the circumstances of this case warrant such appointment.

### V. CONCLUSION AND ORDER

The Court finds that Plaintiff's Complaint fails to state any Section 1983 claims upon which relief may be granted. The Court will provide Plaintiff time to file one more amended complaint to address the potentially correctable deficiencies noted above. See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). In his Amended Complaint, Plaintiff must demonstrate that the alleged incident or incidents resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948-49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). Plaintiff must also demonstrate that each defendant personally participated in the deprivation of his rights. Jones, 297 F.3d at 934.

Plaintiff should note that although he has been given the opportunity to amend, it

is not for the purposes of adding new claims or defendants. Plaintiff should focus the amended complaint on claims and defendants discussed herein.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Fourth Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff request for appointment of counsel is DENIED;

2. Plaintiff's complaint is dismissed for failure to state a claim, with leave to file an amended complaint within thirty (30) days from the date of service of this order;

3. Plaintiff shall caption the amended complaint "Fourth Amended Complaint" and refer to the case number 1:08-cv-214-AWI-MJS (PC); and

4. If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated: January 12, 2011       /s/ *Michael J. Seng*
ci4d6                          UNITED STATES MAGISTRATE JUDGE