# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN ROBERSON,<br><br>        Plaintiff,<br><br>   v.<br><br>S. ZAMORA, et al.,<br><br>        Defendants.<br>_____/ | CASE NO.   1:08-cv-00214-AWI-MJS (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING CASE BE DISMISSED FOR FAILURE TO STATE A CLAIM AND FAILURE TO COMPLY WITH COURT ORDER<br><br>(ECF No. 24)<br><br>OBJECTIONS DUE MARCH 20, 2011 |

## **SHOW CAUSE ORDER**

Plaintiff Kevin Roberson ("Plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on February 11, 2008. (ECF No. 1.) He has since filed three amended complaints: First Amended Complaint on February 15, 2008, Second Amended Complaint on March 24, 2008, and Third Amended Complaint on April 15, 2009. (ECF Nos. 4, 6, & 21.) No other parties have appeared in this action.

On January 12, 2011, Plaintiff's Third Amended Complaint was dismissed for failure

1

to state a claim. (ECF No. 24.) Plaintiff was given thirty days to file an amended complaint and was warned that failure to do so would result in dismissal of this action. (Id.) Nothing further has been filed.

Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and failure to comply with local rules).

The Court previously found that Plaintiff's Third Amended Complaint failed to state a claim upon which relief could be granted and dismissed the pleading. More than thirty days have passed and Plaintiff has not filed an amended complaint or otherwise responded to the Court's January 12, 2011 Order. Thus, there is no pleading that sets forth a cognizable claim. The Court cannot allow this case to languish on its docket without an operative complaint. Accordingly, the Court recommends that this case be dismissed for failure to state a claim upon which relief could be granted and failure to obey a court order.

These Findings and Recommendations are submitted to the United States District

Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Not later than March 20, 2011, Plaintiff may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   March 7, 2011             /s/ *Michael J. Seng*
                                   UNITED STATES MAGISTRATE JUDGE